KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## OF CALIFORNIA

-------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC., and
ZION ROOTSWEAR, LLC,



                    Plaintiffs,

ASAD MILBES a/k/a SID MILBES, SAVVY
SALES, INC., BRANDON COLON,
VINTAGE WEAR LA, METROPOLIS
BIG AND TALL, RAHIM MOHAMED,
MEN'S LAND, INC. d/b/a METRO FUSION,
RNW GARMENTS and RAPHIAEL NATE
WALTON,
                    Defendants.
-------------------------------------------------------X

**CIVIL ACTION NO.**


**COMPLAINT FOR
TRADEMARK AND
RIGHT OF PUBLICITY
INFRINGEMENT AND
UNFAIR COMPETITION**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

1.      Plaintiff      BRAVADO      INTERNATIONAL      GROUP
MERCHANDISING SERVICES, INC. ("Bravado") is a corporation duly
organized under the laws of the State of California with a place of business in Los
Angeles, California. Plaintiff ZION ROOTSWEAR, LLC ("Zion") is a limited
liability corporation duly organized under the laws of the State of Florida with a
place of business in Los Angeles, California.

2.      Upon information and belief, at all relevant times herein, Defendants
ASAD MILBES a/k/a SID MILBES, SAVVY SALES, INC., BRANDON
COLON, VINTAGE WEAR LA, METROPOLIS BIG AND TALL, RAHIM
MOHAMED, MEN'S LAND, INC. d/b/a METRO FUSION, RNW
GARMENTS and RAPHIAEL NATE WALTON have transacted business in
and/or have committed their infringing activities alleged below in the Central
District of California, including selling infringing goods in and/or transporting
infringing goods and/or causing or directing the transport of goods into the
Central District of California, and/or knowing that said activities would affect
Bravado, a California corporation, and/or would have an effect in the Central
District of California.  Upon information and belief, Defendants ASAD MILBES
a/k/a SID MILBES, RAHIM MOHAMED, RAPHIAEL NATE WALTON   and
BRANDON COLON authorized and/or directed and/or participated in the
infringement alleged herein.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051
et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331, 28

2

U.S.C. 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third, Fourth, Sixth, Seventh, Eighth and Ninth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4.     The Rolling Stones, Prince, The Doors, Big Sean, Lady Gaga, Nas, The Weeknd, Black Sabbath, Skipknot, Kanye West, Tupac Shakur, Eminem, Nicki Minaj, Guns N' Roses, Ozzy Osbourne, Run DMC and Bob Marley (the "Musical Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all areas of the entertainment industry to distinguish themselves from other professional entertainers.

5.     Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Performers throughout the United States pursuant to agreements between Bravado and the Musical Performers, except Bob Marley, that grant to Bravado the exclusive right to sell products bearing said parties' names, trademarks and likenesses and/or the right to commence lawsuits regarding infringement of their rights.  Zion has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the name, trade name, trademark, logo and/or likeness of Bob Marley throughout the United States and has been granted the exclusive right to sell products bearing the Bob Marley name, trademark and likeness

3

and/or the right to commence lawsuits regarding infringement of the Bob Marley rights.

6.     Defendants are or were distributing, advertising and selling unauthorized products and/or products that were modified without Plaintiffs' consent embodying the names, trademarks and/or likenesses of the Musical Performers (collectively the "Infringing Merchandise") and/or using the names, trademarks and/or likenesses of the Musical Performers to sell and/or distribute products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiffs and the Musical Performers under the Lanham Act.

## BACKGROUND

7.     Each of the Musical Performers has achieved nationwide fame and notoriety.

8.     Since the dates set forth below, the Musical Performers have identified themselves with each party's respective name and trademark as set forth below.  Separately, and/or in conjunction with the likenesses of the Musical Performers, the Musical Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Performers from other parties.

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|---|---|
| The Doors | 1967 |
| Prince | 1979 |
| Black Sabbath | 1969 |
| Guns N' Roses | 1984 |
| Ozzy Osbourne | 1980 |
| Slipknot | 1996 |
| Bob Marley | 1976 |
| Tupac Shakur | 1996 |
| Nicki Minaj | 2010 |
| Kanye West | 2002 |
| The Weeknd | 2011 |
| Big Sean | 2004 |
| Lady Gaga | 2006 |
| The Rolling Stones | 1962 |
| Run DMC | 1983 |
| Nas | 1994 |
| Eminem | 1996 |

9.     Each of the Musical Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of merchandise bearing each party's respective name, trademark and/or likeness.  Defendants' sale of the Infringing Merchandise is and will be without permission or authority of Plaintiffs or any of the Musical Performers.

10.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiffs and the Musical Performers in that, among other things, it deprives Plaintiffs and the Musical Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such

5

merchandise; wrongfully trades upon and cashes in on the Musical Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of Plaintiffs and the Musical Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

11.    Plaintiffs repeat and reallege paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.    This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false designations in commerce.

13.    The names, trademarks and likenesses of the Musical Performers including all of the names of the Musical Performers as well as other trademarks owned by the Musical Performers including The Weeknd's XO mark, Prince's symbol mark and The Rolling Stones tongue logo, (hereinafter collectively referred to as the "Musical Performers' Marks") have been used as marks to identify the respective Musical Performers and have been used in connection with their performing services and the sale of various types of merchandise throughout the United States.  As a result of same, the Musical Performers' Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14.    Infringing Merchandise has been advertised, manufactured and/or sold by Defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical Performers and/or confusingly similar marks.  By

6

misappropriating and using the Musical Performers' Marks in advertising and/or on the goods that Defendants have sold, Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15.    Defendants' advertising, distributing, manufacturing and sale of the Infringing Merchandise has infringed and will infringe upon and dilute the trademarks, names and likenesses of the Musical Performers.

16.    Defendants' advertising, manufacturing and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Performers and the reputations which all of the Musical Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17.    Defendants' unlawful merchandising activities are without permission or authority of Plaintiffs or any of the Musical Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Plaintiffs and/or the Musical Performers.

18.    Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that Defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

20.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

21.     Plaintiffs repeat and reallege paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22.     Each Musical Performer is a celebrated musical performer with a proprietary interest, *inter alia,* in the use in public of each party's respective name and/or likeness.

23.     Upon information and belief, Defendants have sold, manufactured and/or distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Performers and/or have used said names and/or likenesses in advertising for Defendants' goods.

24.     Neither Plaintiffs nor any of the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of said names and/or likenesses in the manner that Defendants have used said names and/or likenesses on any items and/or in connection with advertising for any goods.

25.     Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they distribute or in advertising for any goods for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

26.     As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

27.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

28.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

29.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30.     The marks used on the Infringing Merchandise are identical to the Musical Performers' Marks and Defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

31.    Defendants, by misappropriating and using the Musical Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Performers' Marks.

32.    Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33.    Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

34.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION
## Violation of Common Law Right of Publicity

35.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36.    Defendants' unauthorized use of the Musical Performers' names and/or likenesses constitutes common law right of publicity violations.

10

37.    Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

38.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## Trademark Dilution Under 15 U.S.C. 1125(c)

39.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40.    By virtue of the Musical Performers' long and continuous use of the Musical Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such, said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

41.    Defendants' use of the Musical Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Performers' Marks by lessening Plaintiffs' and the Musical Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

11

42.    Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

43.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

44.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 43 of  this Complaint as if fully set forth herein.

45.    Tupac Shakur was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness.  Tupac Shakur died on September 2, 1996.  On September 27, 2004, Amaru Entertainment, Inc. ("Amaru") registered a claim pursuant to California Civil Code Section 3344.1. Bravado has been granted the exclusive right to use the Tupac Shakur likeness in connection with merchandise including apparel.

46.    Defendants have used the Tupac Shakur name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

47.    Neither Bravado nor any party acting on behalf of Amaru has given oral or written consent to Defendants to use Tupac Shakur's name and/or likeness

12

in advertising and/or commerce and/or in the manner that Defendants have been using said name and/or likeness.

48.     Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Tupac Shakur name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Bravado or any party authorized to give such consent.

49.     As a result thereof, Defendants have deprived Bravado and Amaru of the right to control the time, place, terms and manner by which to publicize Tupac Shakur's special talents.

50.     Defendants' use of the Tupac Shakur name and likeness in connection with the sale and distribution of the Infringing Merchandise has caused, is causing and will continue to cause Bravado and/or Amaru irreparable harm and injury.

51.     As a result of Defendants' activities, Bravado and Amaru have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## Violation of Washington Code Section 63.60.010 et seq.

52.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43 and 45 through 51 of this Complaint as if fully set forth herein.

53.     The Musical Performers are celebrated musical performers and groups with a proprietary interest, *inter alia*, in the use in public of their respective names and likenesses and/or the names and likenesses of the individual members thereof.

54.     Defendants have sold, manufactured, advertised and distributed and/or caused the sale and distribution of the Infringing Merchandise bearing the names and/or likenesses of at least some of the Musical Performers into the State of Washington and/or have used said names and likenesses in advertising the sale of said goods in Washington.

55.     Neither Plaintiffs nor the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of the Musical Performers' names and/or likenesses on any items and/or in connection with any advertising in the manner that Defendants have been using said names and/or likenesses.

56.     Defendants have violated the Washington Right of Publicity Statute, Washington Code Section 63.60.010 et seq., by appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused to be distributed and/or transported into Washington and/or advertised in Washington, for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

57.     As a result thereof, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize the Musical Performers' special talents.

58.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

59.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

60.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51 and 53 through 59 of this Complaint as if fully set forth herein.

61.     Bob Marley was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness.  Bob Marley died on May 11, 1981.  On April 19, 1990, Bob Marley Music, Inc. ("Bob Marley Music") registered a claim pursuant to California Civil Code Section 3344.1.  Zion has been granted the exclusive right to use the Bob Marley name and likeness in connection with merchandise including apparel.

15

62.    Defendants have used the Bob Marley name and likeness in connection with the advertising, sale, manufacture and/or distribution of the Infringing Merchandise.

63.    Neither Zion nor any party acting on its behalf has given oral or written consent to Defendants for the use of Bob Marley's name and/or likeness in connection with any advertising and/or commerce in the manner that Defendants have been using Bob Marley's name and likeness.

64.    Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Bob Marley name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Zion or any party authorized to give such consent.

65.    As a result thereof, Defendants have deprived Zion of the right to control the time, place, terms and manner by which to publicize Bob Marley's special talents.

66.    The use of the Bob Marley name and likeness in connection with the sale and distribution of the Infringing Merchandise by Defendants has caused, is causing and will continue to cause Zion irreparable harm and injury.

67.    As a result of Defendants' activities, Zion has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A NINTH CAUSE OF ACTION
## Violation of Texas Property Code Section 26.003 et seq.

68.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51, 53 through 59 and 61 through 67 of this Complaint as if fully set forth herein.

69.     The Musical Performers are celebrated musical performers and groups with a proprietary interest, *inter alia*, in the use in public of their respective names and likenesses and/or the names and likenesses of the individual members thereof.

70.     Defendants have sold, manufactured, advertised and distributed and/or caused the sale and distribution of the Infringing Merchandise bearing the names and/or likenesses of at least some of the Musical Performers into the State of Texas and/or have used said names and likenesses in advertising the sale of goods in Texas.

71.     Neither Plaintiffs nor the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of the Musical Performers' names and/or likenesses in advertising or in commerce and/or in the manner that Defendants have been using said names and/or likenesses.

72.     Defendants have violated the Texas right of publicity statute, Texas Property Code Section 26.60.003 et seq., by appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing

17

Merchandise that they have manufactured, distributed and/or transported in Texas and/or caused to be distributed and/or transported into Texas, and/or by advertising the Infringing Merchandise  for Defendants' commercial benefit without the consent of Plaintiffs or the Musical Performers.

73.   As a result thereof, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize the Musical Performers' special talents.

74.   Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

75.   As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A.   A Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them or anything confusingly similar thereto or any mark or designation that would cause consumers to believe that Defendants' merchandise was sponsored and/or authorized by Plaintiffs and/or any of the Musical Performers;

18

B.     A Permanent Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them or anything confusingly similar thereto or any mark or designation that would cause consumers to believe Defendants' merchandise was sponsored or authorized by Plaintiffs and/or any of the Musical Performers;

C.     Three times Defendants' profits or three times the damages suffered by Plaintiffs and the Musical Performers, whichever is greater, and reasonable attorneys' fees and costs pursuant to the First and Fifth Causes of Action;

D.     Defendants' profits and the damages suffered by Plaintiffs and the Musical Performers, or statutory damages of no less than $750.00 for each name and/or likeness that Defendants have used on each different product or in advertising of any product plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and 3344.1 (the Second, Sixth and Eighth Causes of Action);

E.      Defendants' profits and damages suffered by Plaintiffs and the Musical Performers, plus punitive damages pursuant to the Third and Fourth Causes of Action;

F.     Statutory damages of $2,000,000.00 pursuant to 17 U.S.C. 1117(c) for each of the trademarks that Defendants have used in connection with the sale of their counterfeit products;

G.     Defendants' profits and the damages suffered by Plaintiffs and the Musical Performers or statutory damages of no less than $1,500.00 for each name and/or likeness that Defendants have used on each different product and/or in advertising any product in Washington plus punitive damages and attorneys' fees pursuant to Washington Code Section 63.60.060 (the Seventh Cause of Action);

H.     Defendants' profits and the damages suffered by Plaintiffs and the Musical Performers or statutory damages of no less than $2,500.00 for the use of the Tupac Shakur and Bob Marley names and/or likenesses that Defendants have used on each different product sold and/or in advertising any product in Texas plus punitive damages and attorneys' fees pursuant to Texas Property Code Section 26.013 (the Ninth Cause of Action);

I.     An award of interest, including pre-judgment interest, on the foregoing sums; and

J.     Such other and further relief that this Court deems to be just and proper.

Dated:  May 2, 2017                          Respectfully submitted,
        Culver City, CA


                                    By: s/Kenneth A. Feinswog
                                        KENNETH A. FEINSWOG
                                        Attorney for Plaintiffs
                                        400 Corporate Pointe, Suite 300
                                        Culver City, CA 90230
                                        Telephone: (310) 846-5800
                                        Facsimile:   (310)-846-5801