KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT
### OF CALIFORNIA

-------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC., and
ZION ROOTSWEAR, LLC,

                              Plaintiffs,

ASAD MILBES a/k/a SID MILBES, SAVVY
SALES, INC., HOUZZ PARTY, ELBERT
IRVING IV, BRANDON COLON, VINTAGE
WEAR LA, STACY SALES, INC.
METROPOLIS BIG AND TALL,
RAHIM MOHAMED, MEN'S LAND, INC.
d/b/a METRO FUSION, RNW GARMENTS,
RAPHIAEL NATE WALTON, LA HEISMAN,
LLC, SHAUN FLORES a/k/a RICKY FLORES,
MILK EMBROIDERY, LLC, GORDON
GARTRALE GARMENTS, CLASSIC FEELGOOD
THREADS a/k/a ORIGINAL FEELGOOD
THREADS, SUHEEL SHEIKH and DERRICK CLERK,

                              Defendants.

-------------------------------------------------------X

**CIVIL ACTION NO.
2:17-cv-03317-BRO-FFM**

**THIRD AMENDED
COMPLAINT FOR
TRADEMARK AND
RIGHT OF PUBLICITY
INFRINGEMENT AND
UNFAIR COMPETITION**

1

## **JURISDICTION AND VENUE**

1.     Plaintiff     BRAVADO     INTERNATIONAL     GROUP MERCHANDISING  SERVICES,  INC.  ("Bravado")  is  a  corporation  duly organized under the laws of the State of California with a place of business in Los Angeles, California. Plaintiff ZION ROOTSWEAR, LLC ("Zion") is a limited liability corporation duly organized under the laws of the State of Florida with a place of business in Los Angeles, California.

2.     Upon information and belief, at all relevant times herein, Defendants ASAD  MILBES  a/k/a  SID  MILBES  ("Milbes"),  SAVVY  SALES,  INC. ("Savvy"),  HOUZZ  PARTY  ("Houzz"),  ELBERT  IRVING  IV  ("Irving"), BRANDON  COLON  ("Colon"),  VINTAGE   WEAR  LA  ("Vintage  Wear"), STACY  SALES,  INC.  ("Stacy  Sales")  METROPOLIS  BIG  AND  TALL ("Metropolis"),  RAHIM  MOHAMED  ("Mohamed"),  MEN'S  LAND,  INC.  d/b/a METRO FUSION ("Metro Fusion"), RNW GARMENTS ("RNW"), RAPHIAEL NATE  WALTON  ("Walton"),  LA  HEISMAN,  LLC  ("Heisman"),  SHAUN FLORES  a/k/a  RICKY  FLORES  ("Flores"),  MILK  EMBROIDERY,  LLC ("Milk"),  GORDON  GARTRALE  GARMENTS  ("Gartrale"),  CLASSIC FEELGOOD  THREADS  a/k/a   ORIGINAL  FEELGOOD  THREADS ("Feelgood Threads"), SUHEEL SHEIKH ("Sheikh")  and DERRICK CLERK ("Clerk")  have  transacted  business  in  and/or  have  committed  their  infringing activities  alleged  below  in  the  Central  District  of  California,  including  selling infringing  goods  in  and/or  transporting  infringing  goods  and/or  causing  or directing  the  transport  of  goods  into  the  Central  District  of  California,  and/or knowing  that  said  activities  would  affect  Bravado,  a  California  corporation, and/or  would  have  an  effect  in  the  Central  District  of  California.    Upon

information and belief, Defendants Milbes, Mohamed, Walton, Clerk, Irving, Flores, Sheikh and Colon authorized and/or directed and/or participated in the infringement alleged herein.

3.     This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331, 28 U.S.C. 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## **PARTIES**

4.     The Rolling Stones, Prince, The Doors, The Weeknd, Black Sabbath, Skipknot, Kanye West, Tupac Shakur, Eminem, Nicki Minaj, Guns N' Roses, Ozzy Osbourne, Run DMC, Lil Wayne, Naughty By Nature, Justin Bieber, Rick James, Sade, Queen, N.E.R.D and Bob Marley (the "Musical Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5.     Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Performers throughout the United States pursuant to agreements between Bravado and the Musical

Performers, except Bob Marley, that grant to Bravado the exclusive right to sell products bearing said parties' names, trademarks and likenesses and/or the right to commence lawsuits regarding infringement of their rights.  Zion has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the name, trade name, trademark, logo and/or likeness of Bob Marley throughout the United States and has been granted the exclusive right to sell products bearing the Bob Marley name, trademark and likeness and/or the right to commence lawsuits regarding infringement of the Bob Marley rights.

6.     Defendants are or were distributing, advertising and selling unauthorized products and/or products that were modified without Plaintiffs' consent embodying the names, trademarks and/or likenesses of the Musical Performers (collectively the "Infringing Merchandise") and/or using the names, trademarks and/or likenesses to sell and/or distribute products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiffs and the Musical Performers under the Lanham Act as follows:

A.     Defendants Vintage Wear, Stacy Sales and Milbes manufactured, distributed and sold improperly modified (bleached) products including shirts, hoodies and jackets without Plaintiffs' consent bearing the names and trademarks of The Rolling Stones (including the Rolling Stones name and tongue logo), Queen, Black Sabbath, Slipknot, Kanye West, Tupac Shakur, Eminem, Guns N' Roses, Ozzy Osbourne, N.E.R.D, Run DMC and Lil Wayne.  Defendants Vintage Wear, Stacy Sales and Milbes distributed and sold unauthorized hoodies and jackets bearing the N.E.R.D

trademark. Defendants Vintage Wear, Stacy Sales and Milbes manufactured, distributed and sold improperly modified (bleached) products including shirts, hoodies and jackets bearing the Tupac Shakur, Lil Wayne, Ozzy Osbourne and Eminem names and likenesses and the likenesses of the individual members of Run DMC. Milbes has authorized, directed and participated in Vintage Wear's and Stacy Sales' infringement alleged herein. Vintage Wear sold Infringing Merchandise from its website to retail customers and to other retailers including Defendants Houzz, Metro and Metropolis.

B.     Defendants Savvy, Colon, Milbes and Irving manufactured, distributed and sold socks, headwear, air fresheners and other products bearing the names, trademarks and/or likenesses of The Weeknd, Kanye West, Tupac Shakur, Nicki Minaj, Justin Bieber, Prince, Lil Wayne and Bob Marley.  Colon has authorized and/or directed and/or participated in Savvy's infringement alleged herein from at least as early as August 1, 2014 to the present.   Milbes has authorized and/or directed and/or participated in Savvy's infringement alleged herein from at least as early as August 1, 2014 until at least as late as April 15, 2016. Irving has authorized and/or directed and/or participated in Savvy's infringement alleged herein from at least as early as January 27, 2016 to the present. Savvy has sold products to Metro, Metropolis and Houzz.

C.     Defendants Irving and Houzz manufactured, distributed and/or sold shirts, socks, headwear, air fresheners and other products bearing the names, trademarks and/or likenesses of The Weeknd, Kanye West, Sade, Tupac Shakur, Nicki Minaj, Justin Bieber, the Rolling Stones, The Doors,

5

Eminem, Rick James, Lil Wayne, Prince and Bob Marley. Irving has been the owner of both Savvy and Houzz and has authorized and/or directed and/or participated in Houzz's infringement alleged herein. Houzz has purchased products from Gartrale, Heisman, Savvy and Vintage Wear.

D. Defendants Gartrale and Clerk manufactured, distributed and sold shirts and other products bearing the names, trademarks and/or likenesses of Run DMC, Lil Wayne, Tupac Shakur, Kanye West, Rick James and Naughty by Nature. Clerk has authorized and/or directed and/or participated in Gartrale's infringement alleged herein. Gartrale has sold products to Metro Fusion and Houzz Party.

E. Defendants RNW and Walton manufactured, distributed and sold shirts and other products bearing the name, trademark and/or likeness of Prince. Walton has authorized and/or directed and/or participated in RNW's infringement alleged herein. RNW has sold products to Metro Fusion.

F. Defendants Feelgood Threads and Sheikh manufactured, distributed and sold socks, headwear and other products bearing the names, trademarks and/or likenesses of Run DMC, Lil Wayne, Tupac Shakur, Kanye West, Rick James and Naughty by Nature. Sheikh has authorized and/or directed and/or participated in Feelgood Threads' infringement alleged herein. Feelgood Threads has sold products to Metro Fusion and Metropolis.

G.     Defendant Metro has distributed and sold shirts, caps, socks and other products bearing the names, trademarks and/or likenesses of. The Rolling Stones, Black Sabbath, Prince, Guns N' Roses. Run DMC, Lil Wayne, Naughty by Nature, Tupac Shakur, Bob Marley, Rick James and Nicki Minaj. Metro has purchased products from Savvy, Vintage Wear, RNW, Gartrale and Feelgood Threads.

H.     Defendants Metropolis and Mohamed have distributed and sold shirts, caps, socks and other products embodying the names, trademarks and/or likenesses of. The Rolling Stones, Black Sabbath, Guns N' Roses. Run DMC, Bob Marley, Nicki Minaj and Tupac Shakur.  Mohamed has authorized and/or directed and/or participated in Metropolis' infringement alleged herein. Metropolis has purchased products from Savvy, Vintage Wear and Feelgood Threads.

I.     Defendants Heisman, Milk and Flores have manufactured, distributed and sold headwear, stickers, patches, pins and other products bearing the names, trademarks and/or likenesses of Prince, The Rolling Stones, Sade, The Weeknd, Kanye West, Tupac Shakur, Nicki Minaj, Justin Bieber and Bob Marley.  Flores has authorized and/or directed and/or participated in Heisman's and Milk's infringement alleged herein since its inception.  Milk has manufactured products that were sold by Heisman, Houzz and Savvy. Heisman has sold products to Houzz.

7

# BACKGROUND

7.     Each of the Musical Performers has achieved nationwide fame and notoriety.

8.     Since the dates set forth below, the Musical Performers have identified themselves with each party's respective name and trademark as set forth below.  Separately, and/or in conjunction with the likenesses of the Musical Performers, the Musical Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Performers from other parties.

| **Trademark** | **Trademark Used By Musical Performer As Early As Following Date** |
| --- | --- |
| The Doors | 1967 |
| Prince | 1979 |
| Black Sabbath | 1969 |
| Lil Wayne | 2004 |
| Guns N' Roses | 1984 |
| Ozzy Osbourne | 1980 |
| Slipknot | 1996 |
| Bob Marley | 1976 |
| Tupac Shakur | 1996 |
| Nicki Minaj | 2010 |
| Kanye West | 2002 |
| The Weeknd | 2011 |
| The Rolling Stones | 1962 |
| Run DMC | 1983 |
| Eminem | 1996 |
| The Rolling Stones | |

| | |
|---|---|
| Tongue Logo | 1972 |
| Prince Symbol mark | 1992 |
| The Weeknd XO mark | 2011 |
| Justin Bieber | 2010 |
| Rick James | 1982 |
| Naughty By Nature | 1990 |
| I Feel Like Pablo | 2016 |
| Sade | 1984 |
| Yeezus | 2013 |
| Queen | 1972 |
| Makaveli | 2003 |
| N.E.R.D | 2002 |
| The Dropout Bear | 2005 |

9.    Each of the Musical Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of merchandise bearing each party's respective name, trademark and/or likeness.  Defendants' sale of the Infringing Merchandise is and will be without permission or authority of Plaintiffs or any of the Musical Performers.

10.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiffs and the Musical Performers in that, among other things, it deprives Plaintiffs and the Musical Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of Plaintiffs and the Musical Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
## Violation of 15 U. S. C. 1125(a) as to all Defendants

11.     Plaintiffs repeat and reallege paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false designations in commerce.

13.     The names, trademarks and likenesses of the Musical Performers as well as other trademarks owned by the Musical Performers including The Weeknd's XO mark, Prince's symbol mark, Kanye West's "I Feel Like Pablo", The Dropout Bear and Yeezus marks, the Tupac Shakur Makaveli mark and The Rolling Stones tongue logo, (hereinafter collectively referred to as the "Musical Performers' Marks") have been used as marks to identify the respective Musical Performers and have been used in connection with their performing services and the sale of various types of merchandise throughout the United States.  As a result of same, the Musical Performers' Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14.     Infringing Merchandise has been advertised, manufactured and/or sold by Defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical Performers and/or confusingly similar marks.   By misappropriating and using the Musical Performers' Marks in advertising and/or on the goods that Defendants have sold, Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing

Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15.     Defendants' advertising, distributing, manufacturing and sale of the Infringing Merchandise has infringed and will infringe upon and dilute the trademarks, names and likenesses of the Musical Performers.

16.     Defendants' advertising, manufacturing and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Performers and the reputations which all of the Musical Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17.     Defendants' unlawful merchandising activities are without permission or authority of Plaintiffs or any of the Musical Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Plaintiffs and/or the Musical Performers.

18.     Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that Defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

20.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
## Violation of Section 3344 of the California Civil Code as to all Defendants

21.     Plaintiffs repeat and reallege paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22.     Each Musical Performer is a celebrated musical performer with a proprietary interest, *inter alia,* in the use in public of each party's respective name and/or likeness.

23.     Upon information and belief, Defendants have sold, manufactured and/or distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Performers and/or have used said names and/or likenesses in advertising for Defendants' goods.

24.     Neither Plaintiffs nor any of the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of said names and/or likenesses in the manner that Defendants have used said names and/or likenesses on any items and/or in connection with advertising for any goods.

25.     Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they distribute or in

advertising for any goods for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

26.    As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

27.    Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

28.    As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition as to all Defendants

29.    Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30.    The marks used on the Infringing Merchandise are identical to the Musical Performers' Marks and Defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

31.    Defendants, by misappropriating and using the Musical Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Performers' Marks.

13

32.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

34.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity as to all Defendants

35.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36.     Defendants' unauthorized use of the Musical Performers' names and/or likenesses constitutes common law right of publicity violations.

37.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

38.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

14

## AS AND FOR A FIFTH CAUSE OF ACTION
### Trademark Dilution Under 15 U.S.C. 1125(c) as to all Defendants

39.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40.     By virtue of the Musical Performers' long and continuous use of the Musical Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such, said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

41.     Defendants' use of the Musical Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Performers' Marks by lessening Plaintiffs' and the Musical Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

42.     Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

43.     As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

15

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

44.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 43 of this Complaint as if fully set forth herein.

45.     Tupac Shakur was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness.  Tupac Shakur died on September 2, 1996.  On September 27, 2004, Amaru Entertainment, Inc. ("Amaru") registered a claim pursuant to California Civil Code Section 3344.1. Bravado has been granted the exclusive right to use the Tupac Shakur likeness in connection with merchandise including shirts.

46.     Defendants Milbes, Savvy, Houzz, Irving, Colon, Vintage Wear, Stacy Sales, Metropolis, Mohamed, Metro Fusion, Heisman, Flores, Milk, Gartrale, Feelgood Threads, Sheikh and Clerk have used the Tupac Shakur name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

47.     Neither Bravado nor any party acting on behalf of Amaru has given oral or written consent to any of the Defendants for the use of Tupac Shakur's name and/or likeness and/or in connection with any advertising and/or in the manner that the aforesaid Defendants have been using said name and/or likeness.

48.     The aforesaid Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Tupac

16

Shakur name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Bravado or any party authorized to give such consent.

49.     As a result thereof, the aforesaid Defendants have deprived Bravado and Amaru of the right to control the time, place, terms and manner by which to publicize Tupac Shakur's special talents.

50.     The aforesaid Defendants' use of the Tupac Shakur name and likeness in connection with the sale and distribution of the Infringing Merchandise has caused, is causing and will continue to cause Bravado and/or Amaru irreparable harm and injury. If the aforesaid Defendants' activities are not enjoined, Bravado and/or Amaru will suffer irreparable harm and injury.

51.     As a result of the aforesaid Defendants' activities, Bravado and Amaru have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of Washington Code Section 63.60.010 et seq.

52.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43 and 45 through 51 of this Complaint as if fully set forth herein.

53.   The Musical Performers are celebrated musical performers and groups with a proprietary interest, *inter alia*, in the use in public of their respective names and/or the likenesses of the individual members thereof.

54.   Defendants Savvy, Milbes, Colon, Irving, Feelgood Threads, Gartrale, Clerk, Houzz, RNW, Walton, Heisman, Milk and Flores have sold, manufactured, advertised and distributed and/or caused or authorized the sale and distribution of the Infringing Merchandise bearing the names and/or likenesses of at least some of the Musical Performers into the State of Washington and/or have used said names and likenesses in advertising the sale of said goods.

55.   Neither Plaintiffs nor the Musical Performers or any party acting on their behalf has given oral or written consent to any of the Defendants for the use of said names and/or likenesses on any items and/or in connection with any advertising and/or in the manner that the aforesaid Defendants have been using said names and/or likenesses.

56.   The aforesaid Defendants have violated the Washington Right of Publicity Statute, Washington Code Section 63.60.010 et seq., by appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused or authorized the Infringing Merchandise to be distributed and/or transported into Washington and/or by advertising said products for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

57.     As a result thereof, the aforesaid Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

58.     Plaintiffs and the Musical Performers will have no adequate remedy at law if the aforesaid Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

59.     As a result of the aforesaid Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## Violation of Section 3344.1 of the California Civil Code

60.     Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51 and 53 through 59 of this Complaint as if fully set forth herein.

61.     Bob Marley was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness.  Bob Marley died on May 11, 1981.  On April 19, 1990, Bob Marley Music, Inc. ("Bob Marley Music") registered a claim pursuant to California Civil Code Section 3344.1.  Zion has been granted the exclusive right to use the Bob Marley name and likeness in connection with merchandise including apparel.

62.     Defendants Milbes, Savvy, Houzz, Irving, Colon, Metropolis, Mohamed, Metro Fusion, Heisman, Flores, Milk, Gartrale and Clerk have used the Bob Marley name and likeness in connection with the advertising, sale, manufacture and/or distribution of the Infringing Merchandise.

63.     Neither Zion nor any party acting on its behalf has given oral or written consent to any of the Defendants for the use of Bob Marley's name and/or likeness and/or in connection with any advertising and/or in the manner that the aforesaid Defendants have been using said name or likeness.

64.     The aforesaid Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Bob Marley name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Zion or any party authorized to give such consent.

65.     As a result thereof, the aforesaid Defendants have deprived Zion of the right to control the time, place, terms and manner by which to publicize Bob Marley's special talents.

66.     The use of the Bob Marley name and likeness in connection with the sale and distribution of the Infringing Merchandise by Defendants has caused, is causing and will continue to cause Zion irreparable harm and injury. If the aforesaid Defendants' activities are not enjoined, Zion will suffer irreparable harm and injury.

67.   As a result of the aforesaid Defendants' activities, Zion has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A NINTH CAUSE OF ACTION
### Violation of Texas Property Code Section 26.003 et seq.

68.   Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51, 53 through 59 and 61 through 67 of this Complaint as if fully set forth herein.

69.   The Musical Performers are celebrated musical performers and groups with a proprietary interest, *inter alia*, in the use in public of their respective names and/or the likenesses of the individual members thereof.

70.   Defendants Savvy, Colon, Irving and Milbes have sold, manufactured, advertised and distributed and/or caused the sale and distribution of the Infringing Merchandise bearing the names and/or likenesses of at least some of the Musical Performers into the State of Texas and/or have used said names and likenesses in advertising the sale of said goods.

71.   Neither Plaintiffs nor the Musical Performers or any party acting on their behalf has given oral or written consent to any of the Defendants for the use of said names and/or likenesses on any items and/or in connection with any advertising and/or in the manner that the aforesaid Defendants have been using said names and/or likenesses.

72.   The aforesaid Defendants have violated the Texas right of publicity statute, Texas Property Code Section 26.60.003 et seq., by appropriating, using

and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused the Infringing Merchandise to be distributed and/or transported into Texas and/or by advertising said products for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

73.   As a result thereof, the aforesaid Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

74.   Plaintiffs and the Musical Performers will have no adequate remedy at law if the aforesaid Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

75.   As a result of the aforesaid Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A TENTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

76.   Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51, 53 through 59, 61 through 67 and 69 through 75 of this Complaint as if fully set forth herein.

77.     Rick James was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness.  Rick James died on August 6, 2004.  On February 8, 2005, The James Ambrose Johnson Jr. 1999 Trust ("James Trust") registered a right of publicity claim pursuant to California Civil Code Section 3344.1 regarding Rick James.  Bravado has been granted the exclusive right to use the Rick James name and likeness in connection with merchandise including apparel.

78.     Defendants Houzz, Irving, Gartrale, Clerk, Feelgood and Sheikh have used the Rick James name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

79.     Neither Bravado nor any party acting on behalf of the James Trust has given oral or written consent to any of the Defendants for the use of Rick James' name and/or likeness and/or in connection with any advertising and/or in the manner that the aforesaid Defendants have been using said name and/or likeness.

80.     The aforesaid Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Rick James name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Bravado or any party authorized to give such consent.

81.    As a result thereof, the aforesaid Defendants have deprived Bravado and the James Trust of the right to control the time, place, terms and manner by which to publicize Rick James' special talents.

82.    The aforesaid Defendants' use of the Rick James name and likeness in connection with the sale and distribution of the Infringing Merchandise has caused, is causing and will continue to cause Bravado and/or the James Trust irreparable harm and injury.

83.    As a result of the aforesaid Defendants' activities, Bravado and the James Trust have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A.    A Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe that Defendants' merchandise was sponsored and/or authorized by Plaintiffs and/or any of the Musical Performers;

B.    A Permanent Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any

of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe Defendants' merchandise was sponsored and/or authorized by Plaintiffs and/or any of the Musical Performers;

C.     Three times Defendants' profits or three times the damages suffered by Plaintiffs or the Musical Performers, whichever is greater, and reasonable attorneys' fees and costs pursuant to the First and Fifth Causes of Action;

D.     Defendants' profits and/or the damages suffered by Plaintiffs or the Musical Performers and/or statutory damages of no less than $750.00 for each name and/or likeness that Defendants have used on each different product and/or in advertising plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and 3344.1 (the Second, Sixth and Eighth Causes of Action);

E.      Defendants' profits or damages suffered by Plaintiffs or the Musical Performers, whichever is greater, plus punitive damages pursuant to the Third and Fourth Causes of Action;

F.     Statutory damages of $2,000,000.00 pursuant to 17 U.S.C. 1117(c) for each of the trademarks that Defendants have used in connection with the sale of their counterfeit products;

G.     Defendants' profits and/or the damages suffered by Plaintiffs or the Musical Performers and/or statutory damages of no less than $1,500.00 for each name and/or likeness that Defendants have used on each different product and/or

in advertising in Washington plus punitive damages and attorneys' fees pursuant to Washington Code Section 63.60.060 (the Seventh Cause of Action);

H.      Defendants' profits and/or the damages suffered by Plaintiffs or the Musical Performers and/or statutory damages of no less than $2,500.00 for the use of the Tupac Shakur, Rick James and Bob Marley names and/or likenesses that Defendants have used on each different product sold and/or in advertised in Texas plus punitive damages and attorneys' fees pursuant to Texas Property Code Section 26.013 (the Ninth Cause of Action);

I.      An award of interest, including pre-judgment interest, on the foregoing sums; and

J.      Such other and further relief that this Court deems to be just and proper.

Dated:  October 2, 2017              Respectfully submitted,
            Culver City, CA

                                    By: s/Kenneth A. Feinswog
                                        KENNETH A. FEINSWOG
                                        Attorney for Plaintiffs
                                        400 Corporate Pointe, Suite 300
                                        Culver City, CA 90230
                                        Telephone: (310) 846-5800
                                        Facsimile: (310)-846-5801

26